**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4726

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCOS GONZALEZ-DELGADO, a/k/a Cesar Pineda,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-04-84)

Submitted: July 14, 2006          Decided: August 21, 2006

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Terry F. Rose, Smithfield, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Marcos Gonzalez-Delgado appeals his convictions and sentence for conspiracy to distribute at least 1.5 kilograms of methamphetamine, "ice," in violation of 21 U.S.C. §§ 841 & 846 (2000), and one count of possession with intent to distribute more than 1.5 kilograms of methamphetamine, "ice," in violation of 21 U.S.C. § 841(a)(1) (2000). Finding no reversible error with Gonzalez-Delgado's convictions or sentence, we affirm.

Gonzalez-Delgado first claims his trial attorney was constitutionally ineffective. Ineffective assistance claims are not generally addressed on direct appeal. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). As the record does not conclusively establish that his attorney provided ineffective representation, we decline to consider this claim on direct appeal. Any ineffective assistance of counsel claims that Gonzalez-Delgado wishes to pursue may be raised in a timely motion for habeas relief under 28 U.S.C. § 2255 (2000).

Gonzalez-Delgado next claims the district court erred in denying his motion for a judgment of acquittal on the conspiracy charge. We review the denial of a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). A verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is defined as

"'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'"  Alerre, 430 F.3d at 693 (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).  In resolving issues of substantial evidence, we do not weigh evidence or reassess the factfinder's assessment of witness credibility.  United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

To prove conspiracy to distribute a controlled substance, the Government must establish that:  (1) two or more persons agreed to distribute the substance; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became part of the conspiracy.  United States v. Cropp, 127 F.3d 354, 361 (4th Cir. 1997); Burgos, 94 F.3d at 857.  A defendant may be convicted of conspiracy without knowing all the conspiracy's details, as long as he joins the conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion.  Burgos, 94 F.3d at 858.  Once the existence of a conspiracy is established, only a slight link between a defendant and the conspiracy is needed to support a conviction.  United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992).  Intent to distribute may be inferred if the amount of drugs found exceeds an amount normally associated with personal consumption.  United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993).

We conclude the Government presented sufficient evidence to sustain the jury's verdict. The Government established Gonzalez-Delgado transported over two kilograms of almost pure methamphetamine from Georgia to North Carolina in a vehicle; such a large quantity clearly demonstrates an intent to distribute. The vehicle's passenger, Jose Garcia-Rios, a friend of Gonzalez-Delgado's for years, testified that Gonzalez-Delgado informed him that the vehicle contained drugs, and that they were transporting the drugs. As a result of his involvement in these events, Garcia-Rios pled guilty to conspiracy to distribute and possession with the intent to distribute, and the jury heard his testimony regarding his guilty pleas. Viewing the evidence against Gonzalez-Delgado in totality and in the light most favorable to the Government, it is clear that Gonzalez-Delgado knowingly and voluntarily participated in the conspiracy to distribute this large quantity of methamphetamine. The district court correctly denied Gonzalez-Delgado's motion for judgment of acquittal.

Gonzalez-Delgado next contends the district court erred by sentencing him pursuant to the 2004 edition of the United States Sentencing Guidelines Manual ("USSG") instead of the 2003 edition, and in denying his request to present testimony regarding his request for a mitigating role adjustment. As explained below, we reject both of these claims.

Generally, a convicted defendant's sentence is based upon the guidelines manual "in effect on the date that the defendant is sentenced." USSG § 1B1.11(a) (2004). However, "[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." USSG § 1B1.11(b)(1) (2004). Gonzalez-Delgado claims the court should have sentenced him pursuant to the 2003 edition because, under that version, receipt of a mitigating role adjustment yields a larger reduction to one's base offense than does the 2004 edition. However, the amendment is only relevant if the defendant is entitled to a mitigating role adjustment.

Gonzalez-Delgado argues that he should have received a reduction for being a "minor" or "minimal" participant, as defined by USSG § 3B1.2, cmt. (nn. 4 & 5) (2004). A defendant has the burden of showing by a preponderance of the evidence that he had a mitigating role in the offense. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999). In deciding whether the defendant played a minor or minimal role, the "critical inquiry is not just whether the defendant has done fewer 'bad acts' than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239

F.3d 640, 646 (4th Cir. 2001) (internal quotations and citations omitted). The district court's determination concerning the defendant's role in the offense is a factual issue reviewed for clear error. United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998).

The district court did not clearly err in denying Gonzalez-Delgado a mitigating role adjustment. Gonzalez-Delgado transported over two kilograms of almost pure methamphetamine across state lines; the drugs were packaged, sealed, and hidden with the utmost of caution to minimize the likelihood of detection and seizure. Without Gonzalez-Delgado's willing involvement, the methamphetamine would not have been transported to North Carolina, and thus would not have been available for distribution in that state. Although a drug courier may, as a general matter, be considered an appropriate defendant for a mitigating role adjustment, see USSG § 3B1.2, cmt. (n.3) (2004), given the large quantity and type of drug, the district court correctly determined Gonzalez-Delgado's role in this particular incident was material and essential, not minor or minimal. Because Gonzalez-Delgado was not entitled to the mitigating role adjustment, applying the 2004 amendment to § 2D1.1(a)(3) created no *ex post facto* problem; thus, the district court committed no error in applying the 2004 version of the guidelines.

Lastly, we reject Gonzalez-Delgado's argument that the district court erred in denying him the opportunity to testify at sentencing. While the sentencing guidelines require that the district court ensure "the parties have an adequate opportunity to present relevant information [on a disputed issue]," there is no affirmative requirement that the court allow a defendant to testify. USSG § 6A1.3, (cmt.) (2004); <u>see</u> Fed. R. Crim. P. 32 (i)(2) ("[t]he court *may* permit the parties to introduce evidence on the objections.") (emphasis added). Though the court did not permit Gonzalez-Delgado to testify, the court allowed Gonzalez-Delgado's attorney to make a proffer of evidence as to Gonzalez-Delgado's claim that he was merely a drug courier. After hearing the proffer, the court specifically rejected it as contradictory to the evidence presented at trial. Thus, the court fully complied with the dictates of Fed. R. Crim. P. 32.

For the foregoing reasons, we affirm Gonzalez-Delgado's convictions and the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>